IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDIA TECHNICS SYSTEMS INC., a California corporation, and RICHARD D. WILSON, an individual,<br><br>    Plaintiffs,<br><br>  v.<br><br>WORDTECH SYSTEMS INC., a California corporation, COPYPRO, INC., a California corporation, and DAVID MILLER, an individual,<br><br>    Defendants.<br>_____/<br>AND RELATED COUNTERCLAIM<br>_____/ | No. C 07-02277 WHA<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY ADJUDICATION** |

**INTRODUCTION**

In this fraud action, defendants move for judgment on the pleadings as to certain claims of the complaint pursuant to Rule 12(c). In the alternative, defendants move for summary adjudication as to certain claims of the complaint pursuant to Rule 56(a). Defendants also request costs and attorney's fees pursuant to Rule 54(d), and specific performance of the 2004 settlement agreement. For the below-stated reasons, defendants' motion for judgment on the pleadings is **DENIED** and defendants' motion for summary adjudication is **GRANTED**. Defendants' request for costs is **GRANTED**. Defendants' requests for attorney's fees and to enforce the 2004 settlement agreement are **DENIED**.

# STATEMENT

On August 9, 2004, plaintiffs MediaTechnics Systems and Richard Wilson, and defendants Wordtech Systems, Copypro, and David Miller, entered into an agreement to settle a patent-infringement action that defendants brought against plaintiffs in the United States District Court for the Eastern District of California (Compl. ¶ 28). This current action alleges that defendant David Miller, an officer and major shareholder of Wordtech and Copypro, engaged in fraudulent conduct during the settlement negotiations leading up to the agreement. Specifically, plaintiff Richard Wilson alleges in the complaint that Miller fraudulently misrepresented that the royalty rate specified in the settlement agreement was the same figure that defendants would demand from plaintiffs' major competitors and that was also paid by existing licensees (*id*. at ¶ 29). Wilson later discovered that this was not the case.

The instant motion is directed at the third, fourth, fifth, and sixth claims of the complaint. The third claim of the complaint alleges that defendants intentionally interfered with plaintiffs' economic advantage. The fourth and fifth claims assert claims against defendants for fraudulently inducing plaintiffs to enter into the settlement agreement through the use of false misrepresentations made by Miller. The sixth asserts a claim for unjust enrichment based on the allegations of the third, fourth, and fifth claims.

The case-management order allowed parties to take a limited number of depositions. During Wilson's deposition, he was asked several times by counsel to specifically elaborate on the false statements that were allegedly made by Miller during settlement negotiations (Wilson Dep. 58–60). Wilson failed to give any substantive response to the questions and only answered by saying, "I don't know how to answer that" (*id*. at 59:22). Wilson also acknowledged that he would expect defendants' other licensees to have varying royalty rates and terms depending on their specific circumstances (*id*. at 70:13-25; 71:1).

Defendants Wordtech, Copypro, and Miller move that judgment on the pleadings for claims three, four, five, and six be granted. In the alternative, defendants move for summary adjudication on the same claims. Plaintiffs have made no filing opposing this motion, nor did they file a statement of non-opposition. Plaintiffs counsel appeared at the hearing of this

1  motion and gave no cogent explanation of why they did not file an opposition.  Defendants also
2  request specific performance of the settlement agreement and that costs and attorney's fees be
3  awarded.

**ANALYSIS**

**1.    JUDGMENT ON THE PLEADINGS.**

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  A motion for judgment on the pleadings is evaluated according to virtually the same legal standard as a motion to dismiss pursuant to Rule 12(b)(6).  *See In re World War II Era Japanese Forced Labor Litigation*, 114 F. Supp. 2d 939, 944 (N.D. Cal. 2000).  All material allegations in the claim must be taken as true and construed by the Court in the light most favorable to plaintiff.  *See In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 980 n.10 (9th Cir. 1999).

Although materials outside of the pleadings should not be considered, a court may consider all materials properly submitted as part of the complaint, such as exhibits.  *See Hal Roach Studios, Inc. v. Richard Feiner and Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).  Otherwise, if "matters outside the pleadings are presented to and not excluded by the Court," the motion must be treated as a summary-judgment motion instead.  Fed. R. Civ. P. 12(c).

While defendants point to the privileged nature surrounding the allegations made in the complaint, the majority of evidentiary support for the defendants' position is established in Wilson's deposition.  Taken in isolation of the record, the complaint provides enough support to withstand a Rule 12(b)(6) challenge.  Although plaintiffs have not filed any opposition to defendants' motion, taking into account the pleadings themselves, defendants' motion for judgment on the pleadings is **DENIED**.

**2.    SUMMARY ADJUDICATION**.

**A.    Legal Standard.**

Pursuant to Rule 56(a), summary judgment is proper where the evidence shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  On summary judgment, the evidence is viewed in "the light most

favorable to the party opposing the motion . . . ." *Taylor v. List*, 880 F.2d 1040, 1044 (9th Cir. 1989). The nonmoving party has the burden of identifying with reasonable particularity the evidence that precludes summary judgment. *See Keenan v. Allen*, 91 F.3d 1275, 1279 (9th Cir. 1996). No genuine dispute as to a material fact exists "if the record as a whole could not lead a rational trier of fact to find for" the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Absent such a factual showing, "the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

### B. There Is No Evidentiary Support For Plaintiffs' Claim.

No memorandum opposing this motion or statement of non-opposition has been filed by plaintiffs. Thus, plaintiffs have not identified with reasonable particularity any evidence in the record that may preclude summary judgment. They have not met their burden as required by Rule 56. There being no evidence other than the allegations made in the complaint that defendants knowingly made false statements, claims three, four, five, and six of plaintiffs' complaint must fail.

#### *(1)   Intentional Interference With a Prospective Economic Advantage*.

California law provides that the elements for a claim of intentional interference with prospective economic advantage are: (1) that the plaintiff and another were in an economic relationship that probably would have resulted in economic benefit to the plaintiff; (2) that the defendant knew of the relationship; (3) that the defendant intended to disrupt the relationship; (4) that the defendant engaged in wrongful conduct; (5) that the relationship was disrupted; (6) that the plaintiff was harmed; and (7) that the defendant's wrongful conduct was a substantial factor in causing plaintiff's harm. *See Arntz Contracting Co. v. St. Paul Fire & Marine Ins. Co.,* 47 Cal.App.4th 465, 475–476 (1996).

Claim three of the complaint is without merit. Plaintiffs have not identified any specific economic relationship with which defendants sought to interfere. In addition, as discussed below, the record indicates that plaintiffs are unable to provide any evidence that the defendants engaged in wrongful conduct.

4

### *(2)* *Plaintiffs' Own Deposition Testimony Indicates No Misrepresentation By Defendants.*

The elements for an intentional misrepresentation are: (1) that defendant represented to plaintiff that an important fact was true; (2) that defendant's representation was false; (3) that defendant knew that the representation was false when made; (4) that defendant intended that plaintiff rely on the representation; (5) that plaintiff reasonably relied on defendant's representation; (6) that plaintiff was harmed; (7) that plaintiff's reliance on defendant's representation was a substantial factor in causing the harm. *Engalla v. Permanente Medical Group, Inc.,* 15 Cal. 4th 951, 974 (1997).

Wilson's deposition demonstrates that plaintiffs' fourth, fifth, and sixth claims must be dismissed. Plaintiffs fail to provide any evidence that Miller made false statements during the settlement negotiations or that Miller knew that such statements were false at the time that they were made. While plaintiffs' complaint alleges that Miller knowingly made false statements during the settlement negotiations, Wilson's deposition only offers vague and ambiguous statements surrounding the few conversations that Wilson and Miller had before agreeing to the license agreement. In fact, based on the transcript of the deposition, it would seem that Wilson has no recollection of the conversations at all. In addition, Wilson acknowledged that he would have expected other licensees to pay varying royalty rates depending on their specific circumstances. Plaintiff Wilson was thus aware that the terms of the license agreement were negotiable and may have differed depending on the licensee. There is no evidence in the record to support the elements of a misrepresentation claim. Accordingly, defendants' motion for summary adjudication is **GRANTED**.

### 3. COSTS AND ATTORNEY'S FEES.

Pursuant to Rule 54(d), defendants are entitled to recover costs. They will be allowed to do so in a reasonable amount. This Court denies defendants' motion to recover attorney's fees as no grounds for an award has been presented as required by Rule 54(d).

5

**4.   ENFORCEMENT OF SETTLEMENT AGREEMENT.**

Defendants also request that the Court order specific performance of the 2004 settlement agreement. It is unclear from the defendants' motion exactly what type of action they would like this Court to take regarding the settlement agreement. Accordingly, defendants' motion for specific performance of the 2004 settlement agreement is **DENIED**.

## CONCLUSION

For the foregoing reasons, defendants' motion for summary adjudication as to claims three, four, five, and six is **GRANTED**. Defendants are also entitled to costs, but not attorney's fees. Specific performance of the 2004 settlement agreement is **DENIED**.

**IT IS SO ORDERED.**

Dated: November 16, 2007

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\WHAALL\2007Civ\07-02277 Mediatechnics Sys\order for judgment on pleadings.wpd